■ JARAI-SCHEER CORP., Respondent, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered July 24, 1975 granting motion to compel further answers to interrogatories is unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements and without prejudice to the right of plaintiff to renew the motion requesting the court at Special Term to examine the disputed documents ex parte and pass on the question of privilege. Plaintiff, a jeweler, claiming a burglary loss, sues defendant on a "block policy of insurance." The loss is alleged to have occurred in October, 1972. Notified of the loss, defendant had an investigation conducted by its claim-loss representative, and an audit of plaintiff's records by accountants. Later defendant retained independent attorneys to conduct an examination of plaintiff under oath pursuant to the policy. The depositions

were taken in February and March, 1973 and transcripts were forwarded to plaintiff's attorneys on April 2, 1973. Defendant's independent attorneys reported their findings, conclusions and recommendations to defendant in writing (this is the report involved on this appeal). Plaintiff's claim was rejected and thereafter plaintiff instituted this lawsuit. Responding to plaintiff's interrogatories in this suit defendant has furnished to plaintiff the report by its staff investigator and its accountants, but has refused to supply the report transmitted to it by its attorneys. The court below directed defendant to furnish the attorneys' report to plaintiff, basing its determination apparently on its view that a previous decision by another Judge had established the law of the case on this point. The record before us is inadequate to enable us to determine whether the Special Term Justice was correct in her view as to the law of the case. But in any event, the doctrine of the law of the case "is limited in application—at least insofar as intermediate or interlocutory determinations are concerned—to a tribunal of co-ordinate jurisdiction, and the prior ruling is, therefore, not binding upon this court." *(Rager v McCloskey,* 305 NY 75, 78.) According to defendant's attorneys the documents here sought "were prepared by our firm and reflect our analysis and strategy." As such, the documents would appear to be privileged both as attorneys' work product (CPLR 3101, subd [c]) and a confidential communication between attorney and client (CPLR 4503). Because of the view the court below took, it never examined the documents to determine whether they were in fact privileged communications. Accordingly, if plaintiff desires to do so, plaintiff may renew the motion requesting the court at Special Term to examine the documents ex parte (as defendant has offered to let us do) to determine whether or not the documents are as represented and are thus privileged. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.