■ JOHN BLAIR COMMUNICATIONS, INC., et al., Respondents, v RELIANCE CAPITAL GROUP, L.P., et al., Appellants, et al., Defendant. TELEMUNDO GROUP, INC., Third-Party Plaintiff-Ap-

pellant, v JHR Acquisition Corp., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered October 29, 1991, which denied defendants' motion to compel disclosure and granted plaintiffs' cross-motion for a protective order, unanimously modified, on plaintiffs' concession, to grant the motion and deny the cross-motion as to documents identified as "draft complaint concerning Divorce Court" and "letter from Wechsler to Peat Marwick", and otherwise affirmed, with costs.

Defendants seek disclosure of material claimed by plaintiffs to be protected by the attorney-client and/or work product privilege. Although the burden of satisfying each element of the privilege rests on the party asserting it *(Matter of Priest v Hennessy,* 51 NY2d 62, 69), it has been noted that, "[a]s a practical matter", some information fits within the attorney-related privileges by its nature *(Matter of Baker,* 139 Misc 2d 573, 576). Such is the case here, where virtually every item sought consists of draft pleadings, communications or advice in connection with those pleadings, advice of counsel in connection with the corporate acquisition that is the subject of the action, or work product for which plaintiffs submitted an affirmation of counsel showing that the information was generated by plaintiffs' attorneys solely for the purpose of the litigation *(see, Warren v New York City Tr. Auth.,* 34 AD2d 749).

It is also the burden of the proponent of the privilege to prove non-waiver *(Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 398-399). We agree with the IAS Court's finding that plaintiffs satisfied that burden by showing: (1) production of the documents in question was inadvertent, (2) an intention to retain the confidentiality of privileged materials, (3) reasonable precautions to prevent disclosure, (4) a prompt objection, (5) an absence of prejudice to defendants were a protective order to be granted (132 AD2d, *supra,* at 398-400). The objection expressed in a letter of plaintiffs' counsel was sufficient, the requirement of a motion for a protective order no longer being "strictly observed" *(Haenel v November & November,* 172 AD2d 182, 183). Waiver by a deposition witness was obtained through a misrepresentation of defense counsel that attorney work product had been produced directly by counsel, and waiver by deposition witnesses on any other specific subject must be limited in scope to that subject *(see, e.g., Matter of Baker, supra).*

Despite the recent holding of the Court of Appeals in *Spectrum Sys. Intl. Corp. v Chemical Bank* (78 NY2d 371, 381),

it remains "the rare case that *in camera* determinations will be necessary" *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 119), and none was necessary here *(cf., Jarai-Scheer Corp. v St. Paul Fire & Mar. Ins. Co.,* 52 AD2d 555).

We have considered defendants' other arguments, and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman and Kassal, JJ.