■ NAB-TERN-BETTS, a Joint Venture, Respondent, v CITY OF NEW YORK, Appellant. [618 NYS2d 306] —Orders, Supreme Court, New York County (Walter B. Tolub, J.) entered on March 29, 1994 and May 17, 1994, which, respectively (1) granted plaintiff's motion to compel discovery except with respect to item 4; and (2) directed the defendant to produce item 4 after in camera inspection, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendant's motion for a protective order with respect to items 30, 31 (c) (d) and (f)-(w); directing that the court below conduct an in camera review of item 15; and remanding for a determination as to whether item 4 was disclosed to any parties other than the sender and the recipient thereof and whether the item is privileged in light of that disclosure, and otherwise affirmed, without costs.

We find that defendant City has neglected, *inter alia,* to identify the affiliations of and the relationships between the parties described in items 1 and 15 and therefore has failed to meet its burden of establishing the attorney-client privilege with respect to these items *(People v Mitchell,* 58 NY2d 368). We decline to review the City's claims of attorney-client privilege with respect to items 8, 17, 10, and 20 as they are raised for the first time on appeal. Were we to review these claims, we would find them to be of no merit *(supra).*

We agree with the IAS Court that none of the documents claimed to be materials prepared in anticipation of litigation, most of which date back to 1985 and the most recent of which is dated May 26, 1988, were prepared solely for the litigation initiated in August 1991 *(Sovereign Indus. Corp. v Raleigh Warehouse,* 74 AD2d 746). The documents appear to have been generated by City employees or agents in the course of admin-

istering the parties' contract, and are therefore discoverable (CPLR 3101 [a] [1]).

Since items 30, and 31 (c), (d) and (f)-(w) are draft bills of particulars in a contract default hearing of another contractor and a draft contractual provision, the City's motion for a protective order is granted as to these items which fall within the work product privilege *(Blair Communications v Reliance Capital Group,* 182 AD2d 578). We also direct that an in camera inspection be conducted of item 15 to determine whether the document is attorney work product *(Jarai-Scheer Corp. v St. Paul Fire & Mar. Ins. Co.,* 52 AD2d 555).

We further find that defendant has failed to meet its burden of proving nonwaiver with respect to the released documents, which include the Zarillo letter released to plaintiff in or about April 1988 *(Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 399). As to items 31 (a) and (b), we find defendant failed to meet its burden on the motion. Were it not for the fact that certain parties were "copied" on item 4, we would find that document, which we have reviewed in camera, to be protected by the work product and the attorney-client privileges. Accordingly, we remand for a determination as to whether the document was disclosed to persons other than the sender and the recipient and whether that disclosure destroyed any privilege which would otherwise attach thereto. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.