■ CHRISTINE BALIVA et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, et al., Defendant. [713 NYS2d 376] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs commenced this action alleging, *inter alia*, that defendant Max J. Van Benschoten sexually harassed Christine Baliva (plaintiff) while Van Benschoten and Baliva were employed by defendant State Farm Mutual Automobile Insurance Company (State Farm) and that State Farm was aware of Van Benschoten's behavior.

State Farm provided plaintiffs with only some of the requested items of discovery, contending that the remainder were protected by either the attorney-client privilege or the work-product doctrine. State Farm moved for the return of a document that had been inadvertently disclosed, and plaintiffs cross-moved for disclosure of approximately 70 documents listed on a privilege log, contending that "many of the documents" were not privileged. At oral argument on the motion and cross motion, plaintiffs limited the scope of their cross motion by requesting "[a]ll the memos that are not counsel's memos. * * * [T]hese are memos from lay person to lay person, memos within the personnel department." Plaintiffs' attorney reiterated that limitation when he stated that he wanted "every part of their privilege log except those that are notes of counsel."

Supreme Court erred in ordering State Farm to produce every document on the privilege log without conducting an in camera review and without regard to the limited scope of plaintiffs' cross motion.

It is well settled that the court has broad discretion over the discovery process (*see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see also, Hawley v Hasgo Power Equip. Sales*, 269 AD2d 804). Here, however, the court abused its discretion by ordering disclosure of allegedly privileged documents beyond the scope of plaintiffs' cross motion. Furthermore, the court erred in ordering production of the documents requested without conducting an in camera review. "[W]hether a particular document is or is not protected [by the attorney-client privilege or work product doctrine] is necessarily a fact-specific determination * * * most often requiring in camera review" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378). We therefore modify the order by denying plaintiffs' cross motion, and we remit the matter to Supreme Court to determine the cross motion following an in camera review of the allegedly privileged documents and in light of the limited scope of plaintiffs' cross motion (*see, Geary v Hunton & Williams*, 245 AD2d 936, 939).

We reject the contention of State Farm that the court erred in denying its motion seeking the return of an allegedly privileged document that was inadvertently disclosed. Disclosure of a privileged document generally waives that privilege unless the client intended to retain the confidentiality of the printed document and took reasonable steps to prevent its disclosure (*see, Kraus v Brandstetter,* 185 AD2d 300, 301; *Blair*

*Communications v Reliance Capital Group,* 182 AD2d 578; *Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 398-399). Two other factors to be considered in assessing whether an inadvertent disclosure waives the privilege are whether there was a prompt objection to the disclosure after discovering it and whether the party claiming waiver will suffer prejudice if a protective order is granted (*see, Blair Communications v Reliance Capital Group, supra,* at 578; *Manufacturers & Traders Trust Co. v Servotronics, Inc., supra,* at 400). There is an issue of fact concerning the privileged nature of the document at issue because plaintiffs allege that it relates to client communications in furtherance of contemplated or ongoing criminal, fraudulent or wrongful conduct (*see, In re Grand Jury Subpoena Duces Tecum,* 731 F2d 1032, 1038; *see also,* Prince, Richardson on Evidence § 5-208 [Farrell 11th ed]). There is also an issue of fact whether plaintiffs would suffer prejudice were a protective order to be issued (*see, Manufacturers & Traders Trust Co. v Servotronics, Inc., supra,* at 400; *see also, 6340 Tr. Rd. v Unigard Sec. Ins. Co.,* 209 AD2d 922). Because there is support in the record for the court's resolution of those issues, we decline to disturb the court's discretionary determination. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.