■■■ DAVID W. CAMPBELL et al., Respondents, v AEROSPACE PRODUCTS INTERNATIONAL, Formerly Known as AIRCRAFT PARTS INTERNATIONAL COMBS, INC., and a Subsidiary of FIRST AVIATION SERVICES INC., et al., Defendants, and GARLOCK, INC., et al., Appellants. (Appeal No. 1.) [827 NYS2d 919]—Appeals from an order of the Supreme Court, Erie County (John P. Lane, J.), entered July 13, 2006 in a personal injury action. The order, insofar as appealed from, granted plaintiffs' motion for a protective order.

Appeals from an amended order of the Supreme Court, Erie County (John P. Lane, J.), entered August 2, 2006 in a personal injury action. The amended order, insofar as appealed from, granted plaintiffs' motion for a protective order.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David W. Campbell (plaintiff) as a result of his exposure to asbestos. Supreme Court properly granted plaintiffs' motion for a protective order directing defendants to return a document that was inadvertently disclosed to defendants' attorneys on the ground that it was protected by the attorney-client privilege. The document at issue is a factual chronology written by plaintiff concerning the history of his asbestos exposure, and a review of the document establishes that it was prepared by plaintiff at the request of plaintiffs' attorneys in preparation for their first meeting "for the purpose of obtaining legal advice or services" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]). The record establishes that plaintiffs' attorneys took reasonable precautions to prevent the disclosure and that plaintiff did not waive the attorney-client privilege when the document was inadvertently disclosed (*see Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392, 399 [1987]). The record further establishes that plaintiffs' attorneys promptly asserted the privilege, i.e., within a day of discovery of the inadvertent disclosure (*see Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1032 [2000]). Finally, defendants failed to establish that plaintiff reviewed the document in order to prepare for his deposition or to refresh his recollection with respect to his deposition testimony and thereby waived the attorney-client privilege (*see Maisch v Millard Fillmore Hosps.* [appeal No. 1], 278 AD2d 838 [2000]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.