■ HAROLD PEERENBOOM, Respondent-Appellant, v MARVEL ENTERTAINMENT, LLC, Respondent. ISAAC PERLMUTTER, Nonparty Appellant-Respondent. [50 NYS3d 49]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 17, 2016, which granted nonparty Isaac Perlmutter's motions for protective orders against disclosure of certain allegedly privileged items to the extent of directing respondent Marvel Entertainment, LLC (Marvel) to produce certain privilege log items allegedly subject to the marital privilege for in camera review, and otherwise denied the motions, unanimously modified, on the law and the facts, to deny so much of Perlmutter's motions as sought protective orders on the ground of marital privilege, to direct Marvel to produce to Supreme Court all items in Perlmutter's privilege log in which he asserts attorney work product protection, and to remand the matter to Supreme Court for in camera review and a determination of whether such documents are in fact protected attorney work product, and otherwise affirmed, without costs.

Application of the four factors set forth in In re Asia Global Crossing, Ltd. (322 BR 247, 257 [Bankr SD NY 2005]), which we endorse (see also e.g. Scott v Beth Israel Med. Ctr. Inc., 17 Misc 3d 934, 941 [Sup Ct, NY County 2007]), indicates that

Perlmutter lacked any reasonable expectation of privacy in his personal use of the email system of Marvel, his employer, and correspondingly lacked the reasonable assurance of confidentiality that is an essential element of the attorney-client privilege (*see Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]). Among other factors, while Marvel's email policies during the relevant time periods permitted "receiving e-mail from a family member, friend, or other non-business purpose entity . . . as a courtesy," the company nonetheless asserted that it "owned" all emails on its system, and that the emails were "subject to all Company rules, policies, and conduct statements." Marvel "reserve[d] the right to audit networks and systems on a periodic basis to ensure [employees'] compliance" with its email policies. It also "reserve[d] the right to access, review, copy and delete any messages or content," and "to disclose such messages to any party (inside or outside the Company)." Given, among other factors, Perlmutter's status as Marvel's Chair, he was, if not actually aware of Marvel's email policy, constructively on notice of its contents (*see People v Puesan*, 111 AD3d 222, 229 [1st Dept 2013], *lv denied* 22 NY3d 1202 [2014]; *Long v Marubeni Am. Corp.*, 2006 WL 2998671, *3, 2006 US Dist LEXIS 76594, *9 [SD NY, Oct. 19, 2006, No. 05-Civ-639 (GEL)(KNF)]).

Perlmutter's use of Marvel's email system for personal correspondence with his wife waived the confidentiality necessary for a finding of spousal privilege (*see* CPLR 4502 [b]; *In re Reserve Fund Sec. & Derivative Litig.*, 275 FRD 154, 159-160 n 2, 164 [SD NY 2011]; *United States v Etkin*, 2008 WL 482281, *5, 2008 US Dist LEXIS 12834, *19-20 [SD NY, Feb. 20, 2008, No. 07-CR-913 (KMK)]).

Given the lack of evidence that Marvel viewed any of Perlmutter's personal emails, and the lack of evidence of any other actual disclosure to a third party, Perlmutter's use of Marvel's email for personal purposes does not, standing alone, constitute a waiver of attorney work product protections (*see People v Kozlowski*, 11 NY3d 223, 246 [2008], *cert denied* 556 US 1282 [2009]; *Bluebird Partners v First Fid. Bank, N.J.*, 248 AD2d 219, 225 [1st Dept 1998], *lv dismissed* 92 NY2d 946 [1998]). We accordingly modify to the extent indicated (*see Kozlowski*, 11 NY3d at 244 n 12; *Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 442 [2003]).

There is no accountant-client privilege in this state (*see First Interstate Credit Alliance v Andersen & Co.*, 150 AD2d 291, 292 [1st Dept 1989]). Perlmutter has failed to bear his burden of showing that the evidentiary law of Florida, which he asserts does recognize an accountant-client privilege, should govern

this issue (*see Schultz v Boy Scouts of Am.*, 65 NY2d 189, 202 [1985]; *Hyatt v State of Cal. Franchise Tax Bd.*, 105 AD3d 186, 204 [2d Dept 2013]; *First Interstate Credit Alliance*, 150 AD2d at 292-293).

Perlmutter's reliance on the agency and common interest doctrines is unavailing, as those doctrines do not in and of themselves constitute a source of privilege, and there is no basis for applying them in this case (*see Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 630 [2016] [common interest]; *People v Osorio*, 75 NY2d 80, 84 [1989] [agency]).

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Moskowitz, Kahn and Gesmer, JJ.