■ In the Matter of PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRICEWATERHOUSECOOPERS, LLP, Respondent, and EXXON MOBIL CORPORATION, Appellant. [52 NYS3d 626]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 26, 2016, which granted the petition of New York State Attorney General (NYAG) to compel respondent Exxon Mobile Corporation (Exxon) and its independent auditor, respondent PriceWaterhouseCoopers, LLP (PwC), to comply with a subpoena duces tecum served on PwC, unanimously affirmed, without costs.

In this proceeding arising from an underlying investigation

---

by the NYAG into alleged fraud by respondent Exxon concerning its published climate change information, the motion court properly found that the New York law on privilege, rather than Texas law, applies, and that New York does not recognize an accountant-client privilege.

We reject Exxon's argument that an interest-balancing analysis is required to decide which state's choice of law should govern the evidentiary privilege. Our current case law requires that when we are deciding privilege issues, we apply the law of the place where the evidence will be introduced at trial, or the place where the discovery proceeding is located (*JP Morgan Chase & Co. v Indian Harbor Ins. Co.*, 98 AD3d 18, 25 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013], citing *People v Greenberg*, 50 AD3d 195, 198 [2008], *lv dismissed* 10 NY3d 894 [2008]). In light of our conclusion that New York law applies, we need not decide how this issue would be decided under Texas law.

We have considered Exxon's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.