■ Ian Jack Miller, Respondent, v Zara USA, Inc., Appellant, et al., Defendants. [56 NYS3d 302]—

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about August 8, 2016, which granted plaintiff's motion for a protective order to preclude defendant from accessing plaintiff's personal documents on a company-owned laptop, unanimously modified, on the law, to deny so much of the motion as sought protection of attorney-client privilege, to direct plaintiff to produce to Supreme Court all items in his privilege log in which he asserts attorney work product protection, and to remand to Supreme Court for in camera review and determination of whether such documents are in fact protected attorney work product, and as so modified, affirmed, without costs.

Application of the factors set forth in In re Asia Global Crossing, Ltd. (322 BR 247, 257 [SD NY 2005]) indicates that plaintiff lacked any reasonable expectation of privacy in his personal use of the laptop computer supplied to him by defendant Zara USA, Inc. (Zara), his employer, and thus lacked the reasonable assurance of confidentiality that is foundational to attorney-client privilege (see Peerenboom v Marvel Entertainment, LLC, 148 AD3d 531, 531-532 [1st Dept 2017]; In re Asia Global Crossing, Ltd., 322 BR 247, 257 [SD NY 2005]). Among other factors, Zara's employee handbook, of which plaintiff, Zara's general counsel, had at least constructive knowledge (see Peerenboom, 148 AD3d at 532; Scott v Beth Israel Med. Ctr.

*Inc.*, 17 Misc 3d 934, 942 [Sup Ct, NY County 2007]), restricted use of company-owned electronic resources, including computers, to "business purposes" and proscribed offensive uses. The handbook specified that "[a]ny data collected, downloaded and/or created" on its electronic resources was "the exclusive property of Zara," emphasized that "[e]mployees should expect that all information created, transmitted, downloaded, received or stored in Zara's electronic communications resources may be accessed by Zara at any time, without prior notice," and added that employees "do not have an expectation of privacy or confidentiality in any information transmitted or stored in Zara's electronic communication resources (whether or not such information is password-protected)."

Plaintiff avers, and defendant does not dispute, however, that, while reserving a right of access, Zara in fact never exercised that right as to plaintiff's laptop and never actually viewed any of the documents stored on that laptop. Given the lack of any "actual disclosure to a third party, [plaintiff's] use of [Zara's computer] for personal purposes does not, standing alone, constitute a waiver of attorney work product protections" (*Peerenboom*, 148 AD3d at 532; *see Bluebird Partners v First Fid. Bank, N.J.*, 248 AD2d 219, 225 [1st Dept 1998], *lv dismissed* 92 NY2d 946 [1998]). We accordingly modify to the extent indicated (*see Peerenboom*, 148 AD3d at 531-532). Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ.