Matter of Peerenboom v Marvel Entertainment, LLC (2018 NY Slip Op 02401)





Matter of Peerenboom v Marvel Entertainment, LLC


2018 NY Slip Op 02401


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6232N 162152/15

[*1] In re Harold Peerenboom, Petitioner-Respondent,
v
Marvel Entertainment, LLC, Respondent. 
Issac Perlmutter, Nonparty Appellant.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Allan J. Arffa of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Michael P. Bowen of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 16, 2017, which, to the extent appealed from as limited by the briefs, after remand from this Court (148 AD3d 531 [1st Dept 2017]), denied so much of nonparty Issac Perlmutter's motion for a protective order as sought an order prohibiting respondent Marvel Entertainment, LLC from disclosing 85 specified documents submitted to the Court under seal,[FN1] under the work product doctrine, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted to that extent.
After diligent review of approximately 1000 documents that nonparty Perlmutter claimed were exempt from discovery by petitioner Peerenboom on work product grounds (CPLR 3101[c]) and/or as material prepared in anticipation of litigation (CPLR 3101[d]), Supreme Court determined that all but 251 documents were entitled to work product protection. With due deference to the discretion of the trial court, upon review of the submitted documents, we find that nonparty Perlmutter has demonstrated that the above-specified documents are also entitled to protection as work product or materials prepared in anticipation of litigation, and substitute our discretion to that extent (see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]).
Some of the disputed documents contain draft pleadings or emails discussing changes to such pleadings, which constitute material protected by the work product privilege (see John Blair Communications v Reliance Capital Group, 182 AD2d 578, 578 [1st Dept 1992]; see also Nab-Tern-Betts v City of New York, 209 AD2d 223, 224 [1st Dept 1994]). In addition, several documents containing discussions between attorneys regarding topics related to the pending Florida action between petitioner and Perlmutter constitute attorney work product as they reflect "an attorney's legal research, analysis, conclusions, legal theory or strategy" (Matter of New York City Asbestos Litig., 109 AD3d 7, 12 [1st Dept 2013]). The detailed invoices prepared by Perlmutter's attorneys are also protected as work product since they contain summaries of their [*2]"legal research, analysis, conclusions, legal theory or strategy" (id. at 12; see De La Roche v De La Roche, 209 AD2d 157, 159 [1st Dept 1994]).
Perlmutter also has demonstrated that certain documents concerning an investigation undertaken by Kroll Advisory Solutions are entitled to the qualified protection provided by CPLR 3101(d)(2) for materials prepared in anticipation of litigation. The record shows that Kroll was hired by Perlmutter's attorney to conduct an investigation in connection with the pending Florida action, which includes claims of defamation broadly implicating petitioner's reputation. Petitioner has not asserted that the investigation firm was retained for other purposes (see MBIA Ins. Corp. v Countrywide Home Loans, Inc., 93 AD3d 574, 574 [1st Dept 2012]). As such, emails between and among Kroll and the attorneys discussing the investigation and Kroll's findings are protected, and petitioner has not made any showing of substantial need and inability to obtain this information without undue hardship (CPLR 3101[d][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK



Footnotes

Footnote 1: The appeal is limited to the following numbered documents: 1, 8, 9, 20, 27, 34, 35, 36, 51, 52, 55, 57, 58, 82, 110, 189, 190, 223, 247, 260, 265, 266, 267, 268, 272, 274, 283, 286, 288, 294, 305, 308, 309, 310, 312, 317, 318, 323, 330, 332, 333, 336, 343, 371, 395, 401, 410, 418, 420, 422, 424, 427, 428, 430, 431, 432, 433, 434, 435, 436, 437, 438, 443, 447, 454, 455, 456, 457, 459, 469, 470, 471, 493, 529, 622, 767, 768, 769, 770, 790, 791, 819, 854, 855, and 862.