Ambac Assur. Corp. v Nomura Credit & Capital, Inc. (2019 NY Slip Op 06574)





Ambac Assur. Corp. v Nomura Credit & Capital, Inc.


2019 NY Slip Op 06574


Decided on September 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 17, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9746 651359/13

[*1]Ambac Assurance Corporation, et al., Plaintiffs-Respondents,
v
Nomura Credit & Capital, Inc., Defendant-Appellant, Nomura Holding America Inc., Defendant.


Sherman & Sterling LLP, New York (Jefrey D. Hoschander of counsel), for appellant.
Patterson Belknap Webb & Tyler LLP, New York (Henry J. Ricardo of counsel), for respondents.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 14, 2018, which denied defendant's motion to compel the production of documents, unanimously affirmed, without costs.
Plaintiff Ambac Assurance Corporation (Ambac) is a Wisconsin-domiciled insurer with headquarters in New York. It deteriorated financially as a result of the crisis in the mortgage industry, and plaintiff Segregated Account of Ambac Assurance Corporation (Segregated) was created in connection with Ambac's statutory rehabilitation under Wisconsin law (see Wis Stat §§ 645.31; 645.32). Ambac allocated to Segregated all of its residential mortgage-backed securities policies and claims arising from the policies, including the claims arising from policies it issued on two residential mortgage-backed securitizations sponsored by defendant Nomora Credit & Capitol, Inc. in 2007, which the Commissioner of Insurance, as the court-appointed Rehabilitator of the Segregated account, has the authority to prosecute.
The Commissioner appointed a Special Deputy Commissioner (SDC) to oversee all activities of Segregated from Ambac's New York offices, and, at the SDC's direction, plaintiffs commenced this action in New York, asserting claims of fraudulent inducement and breach of contract in connection with the policies Ambac issued on the securitizations sponsored by defendant. When defendant demanded the production of certain emails and other documents maintained by the SDC, plaintiffs responded by claiming the statutory privilege held by the Wisconsin Office of the Commissioner of Insurance (OCI) under Wisconsin law (see Wis Stat § 601.465). Defendant argued that New York law should be applied because, in adjudicating privilege issues, New York courts must apply the law of the place where the evidence will be introduced at trial or where the discovery proceeding is located. Supreme Court, after engaging in an interest-balancing analysis, determined that the Wisconsin statutory privilege was applicable, and denied defendant's motion to compel. We affirm.
New York courts "routinely apply the law of the place where the evidence in question will be introduced at trial or the location of the discovery proceeding when deciding privilege issues" (People v Greenberg, 50 AD3d 195, 198 [1st Dept 2008] [internal quotation marks omitted], lv dismissed 10 NY3d 894 [2008]). However, there are circumstances in which an interest-balancing analysis is properly undertaken to decide whether another state's law should govern the evidentiary privilege (see Peerenboom v Marvel Entertainment, LLC, 148 AD3d 531, 532-533 [1st Dept 2017]; First Interstate Credit Alliance v Andersen & Co., 150 AD2d 291 [1st Dept 1989]). This is a case that presents such circumstances (see Ambac Fin. Servs., LLC v Bay Area Toll Auth., 2010 WL 3260146, 2010 US Dist LEXIS 81487 [SD NY 2010] [applying claim of privilege under Wis Stat § 601.465]).
Moreover, as in Bay Area Toll Auth., in this case, the balance of interests favors the application of the statutory privilege. Contrary to defendant's argument, Supreme Court correctly found that, in these circumstances, New York's interest in the full disclosure of information needed to allow a defendant to mount a defense in court is outweighed by Wisconsin's interest, embodied in Wisconsin Statutes § 601.465, in its regulation of insurance. The communications at issue, while relevant to the underlying litigation to the extent they relate to the securitization trusts, certificates and insurances policies, were generated as part of OCI's investigation, regulation, and rehabilitation of Ambac.
Contrary to defendant's contentions, this Court's decision in Matter of People v PriceWaterhouseCoopers, LLP (150 AD3d 578 [1st Dept 2017], lv denied 29 NY3d 1117 [2017]) should not be read as rejecting any requirement of an interest-balancing analysis in deciding which state's law governs privilege issues where New York is the place of trial and the discovery proceeding. Further, it is distinguishable from the instant case in that it involved the interests of the New York State Attorney General but not those of a governmental agency of a different state, and thus did not implicate real issues of interstate comity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 17, 2019
CLERK