ROAM Capital, Inc. v Asia Alternatives Mgt. LLC (2025 NY Slip Op 00798)

ROAM Capital, Inc. v Asia Alternatives Mgt. LLC

2025 NY Slip Op 00798

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., Gonzalez, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 651728/19 Appeal No. 3665&M-4863 Case No. 2024-03462 

[*1]ROAM Capital, Inc., Plaintiff-Appellant,
v
Asia Alternatives Management LLC, Defendant-Respondent.

Skadden, Arps, Slate, Meagher & Flom LLP, New York (Scott D. Musoff of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Blaine I. Green of the bar of the State of California, admitted, pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 28, 2024, which, to the extent appealed from as limited by the briefs, granted in part defendant's motion to compel insofar as ordering production of 46 "litigation funding emails," more than 2,400 "notes to self," and the subset of the "71,000 documents" that were not reviewed by counsel, unanimously affirmed, without costs.
Supreme Court did not improvidently exercise its discretion in ordering production of the approximately 2,400 documents sent by plaintiff's principal, Phillipe Stiernon, to himself and never sent to any recipient. Draft emails to counsel discussing litigation strategy or outlines for an attorney-client conversation regarding strategy would be privileged, at least to the extent their contents were ultimately discussed with counsel (see United States v Defonte, 441 F3d 92, 95-96 [2d Cir 2006]). However, plaintiff, which as the proponent of the privilege bears the burden of proof, has not demonstrated that the Stiernon emails are documents of this type (see John Blair Communications, Inc. v Reliance Capital Group, 182 AD2d 578, 579 [1st Dept 1992]). There is no affidavit from Stiernon or counsel describing the creation of the emails and whether their contents were intended to be or were in fact shared with counsel. These facts are also not obvious on the face of the documents submitted for in camera review.
Plaintiff's objections to production of the remaining categories of documents are properly considered on appeal. The notice of appeal and accompanying information statement "contain[] no words of limitation or other language expressly or implicitly limiting the appeal to only a specific part of the [order] appealed from" but merely describe one aspect of the order, while noting that it is only one aspect "among other[s]" (see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d 853, 855-856 [2d Dept 2014]). That plaintiff may have sought to stay production only of certain documents has no bearing on whether its appeal encompassed other documents.
As to the merits, Supreme Court did not improvidently exercise its discretion in ordering production of the approximately 71,000 documents picked up by the privilege screen and withheld but not included on any privilege log. Although the parties agreed that privileged documents created after a certain date need not be logged, plaintiff has not demonstrated that the unlogged documents fell into this category. There is no affidavit explaining what these documents are, whether they were ever manually reviewed, or why they were withheld and not logged. Counsel's unsworn statements are insufficient. Because the burden of proof is on the proponent of the privilege, the unlogged documents were properly ordered produced (see John Blair Communications, 182 AD2d at 579).
Furthermore, Supreme Court did not improvidently exercise its discretion in ordering production [*2]of communications with potential litigation funders. Plaintiff elected to produce all search term "hits" (including the litigation funding emails) without first performing any responsiveness review, thereby waiving any objections as to relevance. Upon our in camera review of the litigation funding emails, we find that the contents of the majority of these documents are not even arguably privileged and that none warrant work product protection.
M-4863 — ROAM Capital, Inc. v Asia Alternatives Management LLC
Motion to enlarge the record or, alternatively, take judicial notice of documents, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025