Metropolitan Partners Group Admin., LLC v Nerney (2026 NY Slip Op 00091)

Metropolitan Partners Group Admin., LLC v Nerney

2026 NY Slip Op 00091

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Scarpulla, J.P. SEQ CHAPTER \h \r 1, Friedman, González, Shulman, Rosado, JJ. 

Index No. 650013/25|Appeal No. 4754|Case No. 2025-02963|

[*1]Metropolitan Partners Group Administration, LLC, et al., Respondents,
vBrian Nerney et al., Appellants, Schweizer RSG, LLC, Defendant-Respondent, RSG Schweizer Investors, LLC, et al., Defendants.

Frost Brown Todd, New York (Michael P. Richter of counsel), for appellants.
Spiro Harrison & Nelson LLC, New York (Evan Bianchi of counsel), for Schweizer Nerney, respondent.
Elsberg Baker & Maruri PLLC, New York (Michael Duke of counsel), for Metropolitan Partners Group Administration, LLC, Metropolitan Levered Partners Fund VII, LP and Metropolitan Partners Fund VII, LP, respondents.

Appeal from order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about April 16, 2025, which denied defendants Brian Nerney's and David Horton's (the Individual Defendants) motion to disqualify Jonathan A. Sorkowitz as counsel for defendant Schweizer RSG, LLC and their request for a temporary restraining order and preliminary injunction under CPLR 6301 and/or a protective order under CPLR 3103(c) prohibiting plaintiffs from using or disclosing the Individual Defendants' privileged information, unanimously dismissed with respect to the issue of disqualification, as moot, and the order otherwise affirmed, without costs. The parties have stipulated to the fact that the portion of the Individual Defendants' appeal seeking reversal of the Supreme Court's denial of their request to disqualify Mr. Sorkowitz as counsel for Schweizer is moot because Mr. Sorkowitz has since withdrawn as counsel for Schweizer.
Furthermore, neither injunctive relief nor a protective order is warranted to prevent plaintiffs from using or disclosing the Individual Defendants' alleged privileged information, which is purportedly saved on Schweizer laptops and in Schweizer's client files with third-party vendors. In support of their claims, the Individual Defendants rely on the common-interest privilege, but as they assert that privilege for the first time on reply, it is not properly before us, and we do not consider it. In any event, the Individual Defendants had no "reasonable assurance of confidentiality" in any communications stored on Schweizer systems because there is a clear disclaimer of privacy in the Schweizer employee manual. Further, the Individual Defendants knew about plaintiffs' ability to appoint a receiver and seize collateral, including their Schweizer laptops and any other documents belonging to Schweizer (see Peerenboom v Marvel Entertainment, LLC, 148 AD3d 531, 531-532 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026