■ ROBERT V. STRAUS PRODUCTIONS, INC., Respondent-Appellant, v JONATHAN POLLARD et al., Appellants-Respondents, et al., Defendant. [734 NYS2d 170] —Order, Supreme Court, New York County (Helen Freedman, J.), entered July 13, 2001, which, in an action for breach of a management agreement by plaintiff general manager against defendants production company and its individual partners, granted plaintiff's motion to compel disclosure of communica-

tions between defendants and their counsel to the extent of directing defendants to produce any documents that plaintiff had authored or was copied on during the period it served as defendants' manager, and to permit inquiry at deposition of any communications to which plaintiff was privy during such period, and otherwise denied the motion, unanimously modified, on the law and the facts, to deny the motion in full, and otherwise affirmed, without costs.

It is clear that whatever the nature of the law firm's past representation of plaintiff and its principal, the firm's current representation of defendants is unrelated thereto, and that at no time did the firm ever jointly represent the parties (*cf.*, *Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 137). While communications made between a defendant and counsel in the known presence of a third party generally are not privileged, an exception exists for "one serving as an agent of either attorney or client" (*People v Osorio*, 75 NY2d 80, 84). We are satisfied that once plaintiff commenced its employment with defendants, such employment was the only reason it attended meetings with the firm and was copied on the firm's documents, and there is no evidence that any of the material that plaintiff now seeks was ever disclosed to any outside parties. Defendants had every expectation that any communications between them and their counsel would remain confidential, including communications by plaintiff on their behalf, and, accordingly, we deny the motion in full. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.