■ BARBARA HEIMANSON et al., Plaintiffs, v SOL FARKAS, Appellant, and PETER VARRIALE et al., Respondents. [738 NYS2d 894] —In an action to recover damages for medical malpractice and wrongful death, etc., the defendant Sol Farkas appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered August 23, 1999, as granted the motion of the defendants Peter Varriale and Frank DiMaio to compel him to turn over all notes, reports, writings, recordings, records, statements and other documents obtained by or on his behalf, and to preclude him from using that information.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the motion is denied.

The defendants Peter Varriale and Frank DiMaio contend that the materials which are the subject of their motion were obtained by an investigator employed by the appellant's counsel in violation of the Code of Professional Responsibility DR 7-104

(a) (1) (22 NYCRR 1200.35 [a] [1]), which provides as follows: "During the course of the representation of a client a lawyer shall not: (1) Communicate or cause another to communicate on the subject of representation with a party he knows to be represented by a lawyer in that matter unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so."

Even if the materials obtained by the investigator were unethically obtained, they were nevertheless admissible on behalf of the appellant. New York follows the common-law rule that the admissibility of evidence is not affected by the means through which it is obtained. Hence, absent some constitutional, statutory, or decisional authority mandating the suppression of otherwise valid evidence, such evidence will be admissible even if procured by unethical means (*see, Stagg v New York City Health & Hosps. Corp.,* 162 AD2d 595). As there is no independent constitutional, statutory, or overriding policy basis requiring a departure from the common-law rule in this case, the Supreme Court erred in precluding the appellant's use of the materials.

The Supreme Court further erred in ordering disclosure of the subject materials. The materials were prepared in anticipation of litigation and Varriale and DiMaio failed to establish that they had a substantial need of the materials in the preparation of their case and could not, without undue hardship, obtain the substantial equivalent of the materials by other means (*see,* CPLR 3101 [d] [2]). Santucci, J.P., Feuerstein, S. Miller, Luciano and Adams, JJ., concur.