(December 24, 2002)

■ NEW YORK TIMES NEWSPAPER DIVISION OF THE NEW YORK TIMES COMPANY, Plaintiff, v LEHRER MCGOVERN BOVIS, INC., et al., Respondents, and PARSONS MAIN OF NEW YORK, INC., et al., Appellants, et al., Defendant. BOVIS LEND LEASE LMB, INC., Third-Party Plaintiff-Respondent, v PILE FOUNDATION CONSTRUCTION COMPANY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Actions.) [752 NYS2d 642] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 8, 2002, which denied a motion for a

protective order prohibiting use of a document inadvertently produced during discovery, unanimously reversed, on the law and the facts, without costs, and the protective order granted.

Appellants Parsons Main of New York, Inc. and Parsons Main, Inc. (Parsons) appeal from Supreme Court's decision and order determining that a document prepared by Parsons and sent to their outside litigation counsel is not protected from pretrial disclosure either by attorney-client privilege or as material prepared in anticipation of litigation.

According to uncontested affidavits submitted by Robert F. Nugent, Parsons' in-house Senior Counsel, and Michael Chernis, who, at the time of the events in question, was an attorney at Jones, Day, Reavis & Pogue (Jones Day), Parsons' outside litigation counsel, in March 2000, plaintiff-respondent, The New York Times Newspaper Division of The New York Times Company (The Times), notified Parsons that it was experiencing problems with an underground sewer system designed by Parsons and constructed and installed by other parties at The Times' printing facility in Queens. The Times then provided Parsons with a draft complaint regarding the alleged problems, which it stated it intended to file against Parsons and other parties involved in the design and construction of the Queens facility. Shortly thereafter, Parsons retained Jones Day to represent them in the matter.

Chernis, the senior associate at Jones Day assigned to the case, orally requested that Parsons prepare a memorandum setting forth the facts and an analysis of The Times' claims. In response to Chernis' request, Parsons directed one of its employees, Todd Cauffman, who had not been involved in Parsons' work at the Queens facility, to prepare the requested memo. The sole purpose of the Cauffman memo, according to the affidavits, was to assist Jones Day in understanding The Times' claims and to provide Jones Day with necessary information to enable the law firm to respond to those claims.

The requested memo, together with a cover letter from Nicholas Mariani, Parsons' project manager for the Queens facility project, both dated May 19, 2000, was sent to Chernis. The Cauffman memo bore the legend, "Attorney-Client Privileged Communication/Attorney Work Product," and the Mariani cover letter expressly stated that the memo was "being provided under the attorney-client privileged communication attorney work product * * *." The memo was inadvertently turned over to the other defendants during pretrial discovery. After the error was discovered, Parsons' counsel demanded that all copies of the Cauffman report be returned and sought a protective order against the use of the document.

Parsons argued that the report was protected both by attorney-client privilege and as material prepared in contemplation of litigation. Defendants and third-party plaintiffs Bovis Lend Lease LMB, Inc. and Bovis Lend Lease, Inc. (Bovis), opposed the motion, arguing that the document was not protected by any privilege and, even if it were, the privilege was waived by Parsons' inadvertent disclosure.

Supreme Court held that, absent a written request or direction from Parsons' counsel that the report be prepared and provided to counsel or an explicit statement in the report itself or in the accompanying cover letter that the report was prepared pursuant to the request of Parsons' counsel, the report was not protected from disclosure by attorney-client privilege or as attorney work product. This was error.

The attorney-client privilege applies to confidential communications between clients and their attorneys made "in the course of professional employment" (CPLR 4503 [a] [1]), and such privileged communications are absolutely immune from discovery (CPLR 3101 [b]; *see also Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377). The privilege applies to communications from the client to the attorney when the communication is " 'made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose' " (*Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 593 [citation omitted]).

The Cauffman report satisfies all the essential elements of a protected attorney-client communication. The requisite professional relationship between Parsons and Jones Day was established when Parsons retained the law firm to represent it with regard to litigation threatened by The Times. The report contained information and analysis regarding the claims made by The Times, including opinions and conclusions of Parsons' employees concerning possible causes of the alleged problems that were the bases of The Times' threatened lawsuit. While it is true that neither the report itself nor the accompanying cover letter explicitly states that the report is being provided in response to a request by Jones Day, there is no basis or reason in this case to disregard the sworn statements and supporting documentation submitted by Parsons' in-house counsel and the Jones Day attorney who requested the report that the report was, in fact, created in response to such a request (*see e.g. Spectrum Sys., supra*, 78 NY2d at 379-380).

Supreme Court's view that a client's communication to its attorney is not privileged unless it is made in response to a written directive from the attorney is an overly restrictive in-

terpretation of the privilege and one that ill serves the privilege's underlying purpose, which is to "foster[ ] the open dialogue between lawyer and client that is deemed essential to effective representation" (*Spectrum Sys., supra,* 78 NY2d at 377). There is nothing in the law governing attorney-client privilege that precludes the privilege from attaching to client communications made in response to oral requests by attorneys. According to the uncontested evidence, the Cauffman report constituted a confidential communication from Parsons to Jones Day, made in the course of Jones Day's legal representation of Parsons and in response to Jones Day's request for the document.[1] As such, it was protected by the attorney-client privilege and absolutely immune from discovery.

Bovis argues that, even if the Cauffman report is subject to attorney-client privilege, the privilege was waived when the report was produced as part of Parsons' pretrial discovery.[2] Disclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, that reasonable steps were taken to prevent disclosure, that the party asserting the privilege acted promptly after discovering the disclosure to remedy the situation, and that the parties who received the documents will not suffer undue prejudice if a protective order against use of the document is issued (*Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 398-400; *accord John Blair Communications v Reliance Capital Group,* 182 AD2d 578, 579). The burden is on the proponent of the privilege to prove that the privilege was not waived (*John Blair, supra,* 182 AD2d at 579).

Supreme Court found that the production of the report was inadvertent, and that finding is supported by the uncontested Chernis and Nugent affidavits. The Nugent affidavit confirms that "Parsons at all times intended for Mr. Cauffman's memorandum to remain confidential, subject to the protections of both the attorney-client privilege and the attorney work-product doctrine." The record is clear that the other factors barring a finding of waiver, as outlined *supra,* were present. Concur—Williams, P.J., Rosenberger, Rubin, Friedman and Gonzalez, JJ.

---

1. Supreme Court's speculation that the Cauffman report was nothing more than an internal document generated by Parsons while it was attempting to figure out what a customer was complaining about that just happened to have been sent to Parsons' litigation counsel is just that—speculation that is not supported by the record.

2. Contrary to Parsons' assertion, Bovis did assert in Supreme Court that the privilege, if any, was waived by the production of the report to the other parties in the litigation. Thus, the issue was preserved.