■ OAKWOOD REALTY CORP., Plaintiff, v HRH CONSTRUCTION CORPORATION, Respondent, and LIBERTY MUTUAL INSURANCE COMPANY, Defendant and Third-Party Defendant-Respondent. KOEHLER MASONRY CORP., Additional Defendant on the Counterclaim and Third-Party Plaintiff-Appellant, et al., Additional Defendants on the Counterclaim; OAKWOOD REALTY CORP., et al., Third-Party Defendants-Respondents. [858 NYS2d 677]—

In an action to recover damages for breach of contract, the additional defendant on the counterclaim/third-party plaintiff, Koehler Masonry Corp., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated March 27, 2007, as granted those branches of the motion of the defendant HRH Construction Corporation, the defendant and third-party defendant Liberty Mutual Insurance Company, and the third-party defendants Oakwood Realty Corp. and Fairchild Realty Group which were for summary judgment dismissing its fourth cross claim to recover interest pursuant to General Business Law § 756-b, for the return of a certain document turned over during discovery, and pursuant to CPLR 3103 (c) for a protective order with respect to such document.

Ordered that the order is affirmed insofar as appealed from, with costs.

Oakwood Realty Corp. (hereinafter Oakwood) entered into a contract with HRH Construction Corporation (hereinafter HRH) for HRH to act as general contractor in the construction of a nursing home in Oakdale, New York. HRH subcontracted with Koehler Masonry Corp. (hereinafter Koehler), for Koehler to act as the concrete subcontractor on the job.

According to Koehler, it performed its work and was paid the sum of $3,378,626.55, which was $175,442.31 less than the amount called for in the subcontract. Koehler filed a mechanic's lien for the shortfall and requested payment on a performance bond issued by Liberty Mutual Insurance Company (hereinafter Liberty Mutual). In February 2002, Oakwood commenced this action against HRH and Liberty Mutual to recover damages for breach of contract. HRH and Liberty Mutual answered and asserted several counterclaims including one against Koehler. Koehler filed cross claims against, among others, HRH, and filed a third-party complaint against Oakwood, Liberty Mutual, and Fairchild Realty Group (hereinafter Fairchild), an alleged owner of the property on which the nursing home was constructed. In November 2006, HRH, Liberty Mutual, Oakwood, and Fairchild moved, inter alia, for summary judgment dismissing Koehler's fourth cross claim against HRH to recover interest pursuant to General Business Law § 756-b, for the return of a report prepared by HRH's consultant, Lovett Silverman Construction Consultants, Inc. (hereinafter Lovett), which was inadvertently provided to Koehler during discovery, and pursu-

ant to CPLR 3103 (c) for a protective order with respect to such report. In an order dated March 27, 2007, the Supreme Court, among other things, granted the aforementioned branches of the motion. Koehler appeals, arguing that the report prepared by Lovett was subject to discovery and that it was entitled to recover interest under General Business Law § 756-b.

Contrary to Koehler's contention, the Supreme Court correctly determined that it was not entitled to recover interest pursuant to General Business Law § 756-b. The subcontract at issue between Koehler and HRH was entered into in March 2000 and work pursuant to it was completed in August 2000, two years prior to the effective date of the statute. Therefore, the statute was not applicable (*see* L 2002, ch 127, § 3).

Furthermore, the court correctly determined that HRH was entitled to the return of the report prepared by Lovett. Lovett was retained as a consultant by counsel for HRH and its report was prepared in anticipation of litigation. The report was "an adjunct to the lawyer's strategic thought processes, thus qualifying for complete exemption from disclosure" under the attorney work-product doctrine as well as CPLR 3101 (d) (2) (*Santariga v McCann*, 161 AD2d 320 [1990]; *see Delta Fin. Corp. v Morrison*, 14 Misc 3d 428 [2006]). The report was exempt from disclosure (*see Santariga v McCann*, 161 AD2d 320 [1990]) based upon attorney-client privilege. Further, Koehler has failed to demonstrate a substantial need for the report or that it could not obtain the substantial equivalent of the report by other means (*see Daniels v Armstrong*, 42 AD3d 558 [2007]; *Heimanson v Farkas*, 292 AD2d 421 [2002]; *Martinez v KSM Holding*, 294 AD2d 111 [2002]).

Moreover, the court correctly determined that the attorney-client privilege was not waived when the report was produced as part of HRH's pretrial discovery. Disclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, reasonable steps were taken to prevent disclosure, the party asserting the privilege acted promptly after discovering the disclosure to remedy the situation, and the parties who received the documents will not suffer undue prejudice if a protective order against use of the document is issued (*see New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169 [2002]; *Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392, 398-400 [1987]; *accord John Blair Communications v Reliance Capital Group*, 182 AD2d 578, 579 [1992]). The burden is on the proponent of the privilege to prove that the privilege was not waived (*see*

*John Blair Communications v Reliance Capital Group*, 182 AD2d at 579).

The production of the report was inadvertent. HRH at all times intended the Lovett report to remain confidential, subject to the protections of both the attorney-client privilege and the attorney work-product doctrine. The record is clear that the factors barring a finding of waiver, as outlined above, were present (*see New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169 [2002]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur. [*See* 2007 NY Slip Op 30681(U) (2007).]