■ ROSWELL PARK CANCER INSTITUTE CORPORATION, Appellant, v SODEXO AMERICA, LLC, Formerly known as SODEXHO AMERICA, LLC, et al., Respondents. [891 NYS2d 827]—

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendants' alleged breach of a contract pursuant to which defendants were to provide certain design and construction services for plaintiff. During the course of discovery, plaintiff moved pursuant to CPLR 3124 to compel disclosure, seeking an order directing defendants to produce 146 documents for an in camera review by Supreme Court. Defendants had refused to produce those documents based on their assertion that the documents in question were protected by the attorney-client privilege, constituted attorney work product or were produced in anticipation of litigation. The withheld documents consist of e-mail communications and attachments thereto. Following an in camera review, the court determined that defendants were required to produce 49 of the documents, some of which were to be partially redacted. On appeal, plaintiff challenges those parts of the court's determination with respect to 32 of the documents in the group of documents characterized by the court as exhibit "A" to its decision. The authors of those documents were not attorneys, nor were they sent to attorneys or copied to attorneys. Plaintiff also challenges 14 of the documents in the group of documents characterized by the court as exhibit "B." Those documents indicate that defendants' in-house counsel was copied in as a recipient. We affirm.

It is well settled that a court is vested with broad discretion to control discovery and that the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion (*see J.G. v Zachman*, 34 AD3d 1277, 1278 [2006]; *Cerasaro v Cerasaro*, 9 AD3d 663 [2004]). "[W]hether a particular document is or is not protected [by the attorney-client privilege, the attorney work product privilege or as material prepared in anticipation of litigation] is necessarily a fact-specific determination . . . , most often requiring in camera review" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [1991]; *see Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030 [2000]). We perceive no abuse of discretion in this case.

Here, in response to plaintiff's document production demands, defendants produced a comprehensive "Privilege Log," setting forth the names of the author of each document in the "Privilege Log," the persons to whom each document was sent, the date on which each document was sent and a description of each document. Defendants' in-house counsel submitted an affidavit in which he described his participation in the fact-gathering process that was incident to his provision of legal advice to defendants, as opposed to business advice, in response

to the difficulties encountered by defendants with respect to the projects in question and in satisfying plaintiff's concerns. While a court is not bound by the conclusory characterizations of in-house counsel that his or her involvement was for the purpose of rendering legal advice, we perceive no justification for disregarding the contents of the affidavit submitted by in-house counsel describing his involvement as constituting legal rather than business advice (*see Spectrum Sys. Intl. Corp.*, 78 NY2d at 380; *New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169, 171 [2002]). Defendants' in-house counsel further stated in his affidavit that in December 2005 he had a conversation with a high-ranking member of defendants' management team and requested that defendants' employees assemble information concerning the status of the project for use in his legal analysis concerning defendants' potential liability. "[T]here is nothing in the law governing attorney-client privilege that precludes the privilege from attaching to client communications made in response to oral requests by attorneys" (*New York Times Newspaper Div. of N.Y. Times Co.*, 300 AD2d at 172). The same reasoning applies when counsel asks high level corporate officers to have lower level officers or assistants gather facts and information incident to the provision of legal advice (*see Orbit One Communications v Numerex Corp.*, 255 FRD 98, 104 [SD NY 2008]).

In any event, upon our own in camera review of the documents in question, as well as the undisputed facts in the record, we conclude that defendants established that 31 of the 32 documents in exhibit "A" challenged by plaintiff on appeal were created as part of in-house counsel's fact-gathering process and investigation that formed the basis for in-house counsel's legal advice and legal services (*see Spectrum Sys. Intl. Corp.*, 78 NY2d at 379). We further conclude that 13 of the 14 documents in exhibit "B" challenged by plaintiff on appeal are not subject to disclosure inasmuch as they constitute privileged attorney-client communications. Finally, with respect to the two remaining documents challenged by plaintiff on appeal, i.e., document 19 in exhibit "A" and document 8 in exhibit "B," we conclude that they were not subject to disclosure because they were prepared in anticipation of litigation (*see* CPLR 3101 [d] [2]). Present— Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.