■ HUDSON INSURANCE COMPANY et al., Appellants, v M.J. OPPENHEIM, Respondent. [899 NYS2d 29]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 27, 2008, which, in an insurance coverage dispute, denied plaintiffs' motion to compel discovery, unanimously affirmed, with costs.

Defendant responded to plaintiffs' discovery demands by providing a supplemental privilege log identifying each of the documents withheld on the grounds they were privileged as work performed by its counsel's consultant from the inception of and during the course of a prior action in Arizona arising out of the same facts. The motion court conducted an in camera review of the withheld documents and concluded that they were protected by the attorney-client privilege.

There is no basis to disturb the motion court's ruling that the documents are subject to the attorney-client privilege. The privilege extends to communications of "one serving as an agent of either attorney or client" (*Robert V. Straus Prods. v Pollard*,

289 AD2d 130, 131 [2001] [internal quotation marks and citation omitted]), and here, the documents were generated by defense counsel's consultant retained to assist in handling forensic accounting in relation to the Arizona matter. Furthermore, the documents are subject to the attorney work product privilege (*see* CPLR 3101 [c]). Such privilege extends to experts retained as consultants to assist in analyzing or preparing the case, "as an adjunct to the lawyer's strategic thought processes, thus qualifying for complete exemption from disclosure" (*Santariga v McCann*, 161 AD2d 320, 321 [1990] [internal quotation marks omitted]; *see Oakwood Realty Corp. v HRH Constr. Corp.*, 51 AD3d 747, 749 [2008]).

We have considered plaintiffs' remaining contentions, including that defendant waived the ability to assert that the documents were privileged, and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ.