| |
|---|
| **Gnann v Morgan Stanley Smith Barney LLC** |
| 2024 NY Slip Op 31995(U) |
| June 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650104/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**                     PART                          **60M**

*Justice*

------------------------------------------------------------------X

MARKO GNANN,                                              INDEX NO.            650104/2023

                                Plaintiff,                MOTION DATE          N/A, N/A

                - v -                                      MOTION SEQ. NO.      007 008

MORGAN STANLEY SMITH BARNEY LLC, WELLS FARGO
CLEARING SERVICES, LLC, DONOVAN GREGORY                   **DECISION + ORDER ON**
MANNATO,                                                  **MOTION**

                                Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 174, 175, 176, 177, 178, 179, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 218, 219, 220, 221, 222, 223, 224, 225, 226

were read on this motion to/for                           DISCOVERY                        .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243

were read on this motion to/for                           DISCOVERY                        .

In motion seq. no. 07, defendant Mannato moves to compel the production of emails between plaintiff and nonparty Robert Oldaker. Plaintiff's counsel clawed these emails back on the basis of marital privilege upon discovering the inadvertent disclosure. Defendant also seeks to take plaintiff's continued EBT with regard to these emails.

In motion seq. no. 08, plaintiff moves to vacate the court's 1/29/24 compliance conference order and to compel nonparty Wells Fargo Clearing Services LLC to produce documents in response to a subpoena. Wells Fargo and Manatto oppose the motion.

## Discussion

1. Motion 07

In July 2023, plaintiff made a supplemental production that included the disputed emails. These emails were sent/received between April 2015 and April 2020. The marital privilege was then asserted for the first time at plaintiff's EBT in February 2024. After the EBT, plaintiff's counsel sought to claw back these emails in correspondence with defendant's counsel.

Defendant now argues that plaintiff has not produced evidence that he was married at the time these emails were exchanged, plaintiff's counsel waived the privilege, and at least one email

[* 1]                                           1 of 4

is subject to the crime-fraud exception. Plaintiff's counsel opposes the motion and submits a copy of his Canadian marriage certificate indicating that he married Oldaker in October 2006 (Doc 189).

Plaintiff's counsel also submits an affidavit explaining that plaintiff retained a discovery vendor to host documents for review (Doc 190 [Nacht aff.]). Counsel states that he reviewed documents for responsiveness and for privilege through the vendor's platform, using keyword searches to identify privileged communications. Despite searching for "Rob," "Robert," and "Oldaker" during the review process, some of the communications with Oldaker were inadvertently produced (*id.*). Plaintiff's counsel learned of the inadvertent production at plaintiff's EBT and immediately asserted spousal privilege and sought to claw back the documents.

The parties do not have an express claw-back provision in their confidentiality order (*see* Doc 120). Nonetheless, privileged documents may be clawed back where certain criteria are met (*see e.g. New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc.*, 300 AD2d 169, 172 [1st Dept 2002]).

> "Disclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, that reasonable steps were taken to prevent disclosure, that the party asserting the privilege acted promptly after discovering the disclosure to remedy the situation, and that the parties who received the documents will not suffer undue prejudice if a protective order against use of the document is issued"

(*id.*).

> "Not protective of all communications, the [spousal] privilege attaches only to those statements made in confidence and 'that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship.' Communication between spouses 'is presumed to have been conducted under the mantle of confidentiality.' This presumption is not rebutted by the fact that the parties are not living together at the time of the communication, or that their marriage has deteriorated, for even in a stormy separation[,] disclosures to a spouse may be induced by absolute confidence in the marital relationship"

(*People v Fediuk*, 66 NY2d 881, 883 [1985] [internal citations and quotation marks omitted]; *see also* CPLR 4502 [b]).

Here, plaintiff has established that the documents are privileged, that he intended to maintain the confidentiality of the documents, and that reasonable steps were taken to prevent disclosure and to remedy the situation after discovering the inadvertent disclosure.

In reply, defendant contends that several communications do not qualify for spousal privilege protection. However, the court has reviewed the Oldaker communications *in camera* and finds that the privilege applies to the 5 emails between plaintiff and his husband. In

**650104/2023 GNANN, MARKO vs. MORGAN STANLEY SMITH BARNEY LLC ET AL**
**Motion No. 007 008**

Page 2 of 4

2 of 4

[* 2]

addition, defendant has not established that he will suffer undue prejudice if a protective order against use of the documents is issued. Further, the court rejects defendant's argument that the crime-fraud exception applies to these communications.

The court has considered defendant's remaining contentions in support of motion seq. no. 07 and finds them unavailing. Accordingly, motion seq. no. 07 is denied.

2. Motion 08

Plaintiff served a nonparty subpoena duces tecum on Wells Fargo in August 2023. Plaintiff and Wells Fargo agreed to extend Wells Fargo's time to respond to October 2023, and it then served responses with objections. Plaintiff and Wells Fargo then met and conferred as to the objections. According to plaintiff, in December 2023, Wells Fargo agreed to produce documents per their negotiations.

Pursuant to the 8/23/23 scheduling order (Doc 132), "[t]he deadline for responses to [the parties'] supplemental demands and non-party demands . . . [was] October 9, 2023" (*id.,* para. 2). The scheduling order stated that "All dates are final, and counsel may not stipulate to adjourn or extend any deadline set by the court." In addition, "Discovery disputes must be timely raised . . . otherwise those issues will be waived" (*id.*). "Failure to adhere to the discovery schedule or to comply with the court's orders will result in penalties as appropriate under Commercial Division Rule 13 (a) and CPLR 3126" (*id.*). In the subsequent 9/28/23 scheduling order, the court extended the deadline to complete nonparty document discovery to 12/29/23 (Doc 143 [stating the same finality and waiver language]).

Plaintiff then e-filed a Rule 14 letter on 1/23/24 seeking, among other things, productions from Wells Fargo. A conference was held on 1/29/24 and the court issued a compliance conference order the same day (Doc 155). In that order, the court stated:

"Plaintiff e-filed a letter at 7:08 p.m. on 1/23/24 requesting a conference to address: (a) nonparties' and nonparty former defendants' failure to respond to subpoenas duces tecum; and (b) purported deficiencies in Mannato's discovery responses and productions (*see* Doc 146). Upon review, the nonparty subpoenas and former defendant subpoenas were served months ago and plaintiff did not seek a conference to address the nonparties' noncompliance prior to the end-date for nonparty document discovery [12/29/23] (*see* Doc 143). Accordingly, nonparty document discovery that was not completed by 12/29/23 is waived.

. . . .

Accordingly, it is ORDERED that:

[] Nonparty document discovery closed on 12/29/23. Nonparty document discovery not completed by that date is waived"

(*id.* [footnote omitted]).

**650104/2023  GNANN, MARKO vs. MORGAN STANLEY SMITH BARNEY LLC ET AL**
**Motion No.  007 008**

**Page 3 of 4**

[* 3]

Plaintiff now moves to vacate the 1/29/24 conference order and to compel nonparty Wells Fargo to produce documents. However, plaintiff does not set forth <u>any basis</u> to vacate the prior order pursuant to CPLR 2221 (Doc 242 [Wells Fargo Mem Opp]). Absent any basis to vacate the compliance conference order, motion seq. no. 08 is denied.

3. <u>Conclusion</u>

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED that motion seq. nos. 07 and 08 are denied.

| 6/10/2024 | | MELISSA A. CRANE, J.S.C. |
|-----------|---|--------------------------|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|------------------------|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650104/2023   GNANN, MARKO vs. MORGAN STANLEY SMITH BARNEY LLC ET AL**
**Motion No.  007 008**

**Page 4 of 4**

4 of 4