## Midway Wind, LLC v Siemens Gamesa Renewable Energy, Inc.

2024 NY Slip Op 33895(U)

October 30, 2024

Supreme Court, New York County

Docket Number: Index No. 651234/2023

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON      PART      61M

*Justice*

--------------------------------------------------------------------------------X

MIDWAY WIND, LLC,

         Plaintiff,

     - v -

SIEMENS GAMESA RENEWABLE ENERGY, INC.,

         Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651234/2023 |
| MOTION DATE | 10/21/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 107, 108, 109, 110, 111, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 132, 133

were read on this motion to/for          ORDER OF PROTECTION        .

     In this breach of contract action, the plaintiff moves, pursuant to CPLR 3103, for a protective order prohibiting the defendant's use of certain privileged material inadvertently produced in discovery and sanctioning the defendant for its refusal to return and/or destroy the privileged material. The defendant opposes the motion. The motion is granted.

     The plaintiff is a Delaware limited liability company organized for the purpose of financing, constructing, and operating a wind farm in Texas. The plaintiff has no employees of its own and is wholly owned and operated by its parent company, SRE Midway Member LLC (the "LLC"). The LLC currently has three members—MidAmerican Wind Tax Equity Holdings, LLC (a division of BHE Renewables) ("BHE"), Citicorp North America, Inc. ("Citi"), and SRE Midway Holdco LLC (a division of Sammons Infrastructure, Inc.) ("Sammons"). Pursuant to the LLC's operating agreement, Sammons serves as the managing member of the LLC but requires the consent of the other two members before taking certain actions, which includes causing the LLC or the plaintiff herein to initiate any judicial proceeding, such as the instant litigation, for which the amounts in controversy exceed $500,000. Section 7.7 of the LLC's operating agreement provides for the confidentiality of information exchanged between the members in respect of the transactions contemplated by the agreement.

**651234/2023 MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**      **Page 1 of 6**
**Motion No. 008**

1 of 6

The privileged material at issue consists of a single paragraph in an email, dated January 31, 2023, from a BHE executive to Kelly Bryan, the General Counsel for Sammons Infrastructure, Inc. and in-house counsel for both Sammons and the LLC, on which various other employees of BHE and Sammons, as well as Citi, were copied. The subject paragraph principally concerns a strategic discussion regarding the then-anticipated litigation against the defendant herein, including the details of legal advice from the plaintiff's former outside counsel assessing the plaintiff's potential claims against the defendant.

The plaintiff submits an affirmation from David Kiefer, an attorney with McDermott, Will & Emery LLP, the plaintiff's current litigation counsel, stating that an unredacted version of the email chain containing the paragraph in question was inadvertently produced in the course of discovery in April 2024. Although the plaintiff conducted secondary privilege reviews after its initial document productions, those reviews were aimed at confirming that non-privileged documents had not been inadvertently withheld, and thus only involved a review of documents withheld, but not documents already produced. Plaintiff's counsel first became aware of this inadvertent disclosure months later, on Monday, September 23, 2024, when reviewing the memorandum of law in support of the defendant's pending motion to compel (MOT SEQ 006), which the defendant had filed on Friday evening, September 20, 2024, and which quotes from and contains a screenshot of the purportedly privileged paragraph in question.

Plaintiff's counsel emailed counsel for the defendant the next day, notifying them of the inadvertent production of privileged material and noting that other versions of the same email chain containing the privileged material in question had been deemed privileged and were included on the plaintiff's privilege log. Plaintiff's counsel requested that the defendant's counsel return or destroy all versions of the email chain containing the subject privileged material. Defendant's counsel refused this request and did not respond to a subsequent compromise offer to redact the paragraph containing privileged material rather than clawing back the entire document. The plaintiff therefore moved, by order to show cause, to keep the excerpts of and quotes from the inadvertently produced privilege document under seal (MOT SEQ 007). The court, by order dated October 16, 2024, granted a TRO to keep the subject document under seal pending a decision on the sealing motion, which is currently returnable on November 8, 2024. The instant motion then ensued.

"CPLR 3103 confers broad discretion upon a court to fashion appropriate remedies to prevent the abuse of disclosure devices." Pursuit Credit Special Opportunity Fund, L.P. v

**651234/2023  MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**         **Page 2 of 6**
**Motion No.  008**

2 of 6

[* 2]

Krunchcash, LLC, 227 AD3d 628, 628 (1st Dept. 2024). This may include an award of legal fees and costs to the moving party. See id. at 628-29.

The attorney-client privilege shields from disclosure confidential communications between an attorney and client made for the purpose of obtaining legal advice. See CPLR 4503(a)(1). "[T]he privilege's underlying purpose . . . is to 'foster [ ] the open dialogue between lawyer and client that is deemed essential to effective representation.'" New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc., 300 AD2d 169, 172 (1st Dept. 2002), quoting Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 (1991). Under New York law, the attorney work product doctrine provides that the private mental impressions of an attorney, documents prepared by counsel acting as such, and materials uniquely the product of a lawyer's learning and professional skills, such as legal theory or strategy, are privileged. See CPLR § 3101(c); In re New York City Asbestos Litig., 109 AD3d 7, 12 (1st Dept. 2013); Oakwood Realty Corp. v HRH Const. Corp., 51 AD3d 747, 749 (2nd Dept. 2008); see also Deutsche Bank Tr. Co. of Americas v Tri-Links Inv. Tr., 43 AD3d 56, 65 (1st Dept. 2007).

"Disclosure of a privileged document generally operates as a waiver of the privilege unless it is shown that the client intended to maintain the confidentiality of the document, that reasonable steps were taken to prevent disclosure, that the party asserting the privilege acted promptly after discovering the disclosure to remedy the situation, and that the parties who received the documents will not suffer undue prejudice if a protective order against use of the document is issued." New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc., supra. Similarly, the work product privilege is waived upon disclosure to a third party. However, waiver as to work product is much more limited, as "[t]he work product privilege is waived upon disclosure to a third party only when there is a likelihood that the material will be revealed to an adversary, under conditions that are inconsistent with a desire to maintain confidentiality." Bluebird Partners, L.P. v First Fid. Bank, N.A., New Jersey, 248 AD2d 219, 225 (1st Dept. 1998).

It is well settled that the party asserting a privilege bears the burden of establishing entitlement to the privilege, as well as the burden of showing confidentiality has not been waived. See Spectrum Sys. Intl. Corp. v Chemical Bank, supra; Priest v Hennessy, 51 NY2d 62 (1980); Gulf Ins. Co. v Transatlantic Reinsurance Co., 13 AD3d 278 (1st Dept. 2004).

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**   **Page 3 of 6**
**Motion No. 008**

3 of 6

Notwithstanding the defendant's argument to the contrary, the dissemination of this work product by Sammons, the managing member of the LLC responsible for the day-to-day operation of the plaintiff, to the other members of the same LLC - BHE and Citi - did not constitute a waiver of the privilege. Dissemination of such material was reasonably necessary, pursuant to the terms of the LLC's operating agreement, to obtain member consent for any anticipated litigation and was subject to the operating agreement's broad confidentiality provision. There was thus a reasonable expectation that this attorney work product would be kept confidential by the LLC members with whom it was shared, and there is no evidence that the confidentiality of the work product was in any way compromised by its dissemination to BHE and Citi. As such, this dissemination did not create a likelihood that this work product would be revealed to the defendant (*i.e.*, the adversary) or that it was otherwise shared under conditions that are inconsistent with a desire to maintain confidentiality. See Bluebird Partners, L.P. v First Fid. Bank, N.A., New Jersey, supra.

Nor was the work product privilege waived when the email chain containing the discussion of this privileged work product was produced to the defendant in discovery. The plaintiff has demonstrated via the affirmation of its counsel and the annexed email communications between the parties with respect to the plaintiff's request for the return of the communication, that the production of this privileged material was inadvertent, and that the plaintiff intended to maintain the confidentiality of this privileged material and also acted promptly upon becoming aware of the inadvertent disclosure to remedy the situation. See New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc., supra at 172 (inadvertent production of privileged material in discovery did not waive attorney-client and attorney work-product privilege); Oakwood Realty Corp. v HRH Const. Corp., supra (same).

Further, the defendant will suffer no prejudice if a protective order is issued, as review of the privileged material reveals that it is not relevant to any of the claims at issue in this case. See New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc., supra; Oakwood Realty Corp. v HRH Const. Corp., supra. Notably, the defendant, in opposition to the motion, does not argue that it will be prejudiced in any way should the requested protective order be issued. Indeed, the defendant is barred from raising such an argument pursuant to the terms of the parties' own confidentiality stipulation, which obligates the parties to return privileged materials that are inadvertently produced and further provides that "the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice." See NYSCEF Doc. No. 29, ¶ 18(c).

**Motion No. 008**

[* 4]

The court notes the parties' dispute as to whether Bryan, as in-house counsel for the LLC, should be considered counsel for the LLC's member companies vis-à-vis the plaintiff, and thus whether the email chain containing the subject paragraph should be deemed an attorney-client communication subject to the attorney-client privilege. However, the court need not resolve this dispute at this juncture. Even assuming, *arguendo*, that the email chain is not subject to the attorney-client privilege, it plainly contains privileged attorney work-product, as the particular subject paragraph contains details of legal advice rendered to the plaintiff in anticipation of litigation by outside counsel assessing the plaintiff's potential claims against the defendant herein. See Deutsche Bank Tr. Co. of Americas v Tri-Links Inv. Tr., supra.

Therefore, the plaintiff's motion is granted to the extent it seeks a protective order prohibiting the defendant's use of the inadvertently produced privileged material and requiring the defendant to destroy any unredacted copies of the email chain containing this privileged material. The plaintiff's motion is also granted to the extent it seeks to sanction the defendant by awarding the plaintiff its legal fees and costs incurred in bringing the present motion.

As discussed, the email chain inadvertently produced to the defendant contains an express, detailed discussion of legal strategy and analysis obtained from the plaintiff's outside counsel in anticipation of litigation with the defendant herein. Counsel for the defendant, at the very least, should have known that this material was confidential or privileged, and was thus required to notify the plaintiff that it had obtained this material inadvertently. See Pursuit Credit Special Opportunity Fund, L.P. v Krunchcash, LLC, supra at 628. Indeed, Rule 4.4(b) of the N.Y. Rules of Professional Conduct (22 NYCRR Part 1200) similarly provides that "[a] lawyer who receives a document, electronically stored information or other writing relating to the representation of the lawyer's client and knows or reasonably should know that it was inadvertently sent shall promptly notify the sender." Moreover, as stated, the terms of the parties' confidentiality stipulation obligates each party to return privileged materials that are inadvertently produced. See NYSCEF Doc. No. 29, ¶ 18(c). In light of this, the refusal of the defendant's counsel to do so was unreasonable and unwarranted, occasioned this motion and caused the plaintiff to incur legal fees and costs.

While an award of legal fees and costs incurred by the plaintiff in bringing this motion is warranted, the plaintiff has not submitted any affirmation, billing records or other proof of the amount of fees and costs incurred. It may do so within 30 days.

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**          **Page 5 of 6**
**Motion No.  008**

5 of 6

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion for a protective order and sanctions is granted; and it is further

ORDERED that the defendant is prohibited from using the inadvertently produced privileged material, and the defendant shall, immediately upon the filing of this order, return to the plaintiff all unredacted documents containing the privileged material that is in its possession or in the possession of any of its employees, agents, or attorneys, and shall immediately destroy any copies, descriptions, or summaries of such documents, whether attorney work product or otherwise, or be subject to further sanctions, and it is further

ORDERED that the plaintiff shall file supplemental papers to establish the amount of attorney's fees and costs incurred on this motion within thirty (30) days of the date of this order and shall notify the court of any such filing by emailing the Part 61 Clerk at SFC-Part61-Clerk@nycourts.gov., and it is further

ORDERED that counsel shall appear for a status conference on November 14, 2024, at 12:00 p.m., as previously scheduled.

This constitutes the Decision and Order of the court.

_____
**10/30/2024**
**DATE**

20241030476046NBANNONFCB7437E47D240D597E96D7A463BDDF2

_____
**NANCY M. BANNON, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**          **Page 6 of 6**
**Motion No.  008**

[* 6]                                                       6 of 6