**Board of Mgrs. of the 100 W. 93 Condomimium v 660 Columbus Retail Owner LLC**

2026 NY Slip Op 30913(U)

March 12, 2026

Supreme Court, New York County

Docket Number: Index No. 656533/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**      PART      11M

*Justice*

-------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 100 WEST 93
CONDOMIMIUM ON BEHALF OF ITS UNIT OWNERS,

           Plaintiff,

           - v -

660 COLUMBUS RETAIL OWNER LLC,KAMAL
AMAKRANE, NICOLE BUGAJSKI, MICHAEL A. DICHIARO,
ROBERT JOHNSON, JEFF LITVACK, HEATHER MOORE,
JOHN REID

           Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656533/2023 |
| MOTION DATE | 10/31/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 109, 110, 111, 112, 113, 114, 115, 123, 124, 125, 126, 127

were read on this motion to/for          DISCOVERY          .

Upon the foregoing documents, the motion is granted, and the cross-motion is granted.

## Background

These discovery motions arise out of a dispute between the board of managers of a condominium and a commercial unit owner over the grocery delivery practices of the unit's tenant, Trader Joe's. Plaintiff alleges that Trader Joe's staging of deliveries on the sidewalk is a violation of the condominium rules. Both parties have served discovery requests on each other, with partial responses submitted. Defendant now moves to compel Plaintiff to reply to various discovery disputes, and Plaintiff has cross-moved to compel Defendant to produce the lease agreements between it and Trader Joe's. Oral argument on these motions was held on March 12, 2025, somewhat narrowing the outstanding issues.

## Discussion

656533/2023  BOARD OF MANAGERS OF THE 100 WEST 93 CONDOMIMIUM ON BEHALF OF      Page 1 of 5
ITS UNIT OWNERS vs. 660 COLUMBUS RETAIL OWNER LLC
Motion No.  003

1 of 5

[* 1]

Addressing the cross-motion first, counsel for Defendant agreed in oral argument that they would produce the lease agreements between them and Trader Joe's; therefore, the cross-motion is granted. Their opposition to the cross-motion is limited to the extent that Plaintiff demands immediate production of the documents. The Court finds that twenty days is a reasonable schedule for production of the lease(s) in question, and as stated in the oral argument will order production of the lease(s) within this set timeframe. Turning to the motion to compel, there are four main areas of contention between the parties, each of which will be addressed in turn.

The first dispute concerns the designation of Plaintiff's board members as custodian of records. Defendant is seeking certain electronically stored information ("ESI") from the Board, and Plaintiff has designated two of its seven members (those on the legal committee) as custodians of the records being sought. Defendant is moving to compel Plaintiff to designate all seven Board members as custodians, arguing that otherwise the Board would be able to hide responsive documents from them. The Court finds that this speculative argument is not sufficient, at this stage, to require the designation of all Board members as custodians. It would be unduly burdensome to require all members to respond to the document request, absent a showing that the non-responding members are likely to be in possession of responsive documents that are not part of the legal committee's response. Therefore, this portion of the motion is denied.

The second disagreement also concerns ESI. Defendant has made a discovery request for certain ESI and wishes the Court to issue an order compelling Plaintiff to retain an ESI vendor for the purpose of collecting the responsive documents. Defendant argues that because this case concerns allegations of bad faith against Plaintiff, a neutral ESI vendor is the only way to be

**656533/2023   BOARD OF MANAGERS OF THE 100 WEST 93 CONDOMIMIUM ON BEHALF OF**        Page 2 of 5
**ITS UNIT OWNERS vs. 660 COLUMBUS RETAIL OWNER LLC**
**Motion No.  003**

2 of 5

assured that all responsive documents have been produced. Plaintiff opposes on the grounds that such an order would be unduly burdensome and costly. The Court finds that Defendant has not made a showing as to why, at this juncture, Plaintiff should not be permitted to produce the responsive documents according to their own in-house procedures. If Defendant wishes to pay for such a vendor agreeable to Plaintiff, the Court will permit that. Therefore, it would be premature to mandate that Plaintiff hire an outside ESI vendor to process the document request.

The next issue concerns several engineering reports that Plaintiff had generated regarding a dispute between the parties over the common charges formula in the condominium's governing documents. Defendant has requested communications regarding these reports (from FirstService and DBS Technical), and Plaintiff has objected on the grounds that the reports were generated in preparation for litigation. The general rule is that the reports of experts retained to assist in preparing for litigation are covered under the attorney-client privilege. *Hudson Ins. Co. v. Oppenheim*, 72 A.D.3d 489, 490 [1st Dept. 2010]. But it appears that Defendant is seeking communications from the Board and engagement letters regarding the reports, which may not be privileged. Therefore, to the extent that Plaintiff is in possession of non-privileged documents responsive to the requests regarding the engineering reports, such documents should be produced. To the extent that there are any responsive documents that Plaintiff considers privileged, they should be presented to the Court for an in-camera review to determine whether the privilege applies, in accordance with an application made in Plaintiff's papers.

The final two issues concern videos of the sidewalk in question that are held by Plaintiff. Defendant seeks an order compelling Plaintiff to turn over physical copies of all of the aforementioned videos, along with a date and time listed for each alleged violation of the condominium rules. Plaintiff contends that it would be unduly burdensome for them to comply.

They have made the videos available for inspection at their offices and have provided the dates for the alleged violations. The Court finds that this is a sufficient response to the request. Should Defendant require physical copies of the videos, they may at their own expense have the videos copied. Accordingly, it is hereby

ADJUDGED that the motion is granted in part and the cross-motion is granted; and it is further

ORDERED that defendant 660 Columbus Retail Owner LLC produce the relevant lease agreement(s) between itself and the commercial tenant Trader Joe's within twenty days of service of this order by notice of entry; and it is further

ADJUDGED that to the extent the motion requests that the plaintiff Board of Managers of the 100 West 93 Condominium be required to designate all board members as custodians for the purposes of defendant's discovery requests, be required to retain a commercial ESI vendor in order to process defendant 660 Columbus Retail Owner LLC's requests, and require the plaintiff Board of Managers of the 100 West 93 Condominium to turn over physical copies of the videos in question along with the exact time stamp of the alleged violations, the motion is denied; and it is further

ORDERED that plaintiff Board of Managers of the 100 West 93 Condominium turn over all non-privileged documents responsive to the FirstService and DBS Technical document requests made, with all responsive documents that plaintiff Board of Managers of the 100 West 93 Condominium intends to assert a privilege regarding be turned over to the Court for an in-camera review, not more than thirty days following the date of this Order.

656533/2023   BOARD OF MANAGERS OF THE 100 WEST 93 CONDOMIMIUM ON BEHALF OF        Page 4 of 5
ITS UNIT OWNERS vs. 660 COLUMBUS RETAIL OWNER LLC
Motion No.  003

4 of 5

[* 4]

20260313092515LFRANK92EA8785511B4AB1B3257185E47AF463

**3/12/2026**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656533/2023   BOARD OF MANAGERS OF THE 100 WEST 93 CONDOMIMIUM ON BEHALF OF**          **Page 5 of 5**
**ITS UNIT OWNERS vs. 660 COLUMBUS RETAIL OWNER LLC**
**Motion No.  003**

5 of 5

[* 5]